UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

**WILLIAM SHAW,**
**an Individual**

    **Plaintiff,**

v.

**SEA RANCH CONDOMINIUM**
**ASSOCIATION, INC.,**
**a Florida Not For Profit Corporation,**

    **Defendant.**
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **WILLIAM SHAW**, ("Plaintiff") files this Complaint against Defendant, **SEA RANCH CONDOMINIUM ASSOCIATION, INC.**, ("Defendant"), and states as follows:

### **INTRODUCTION**

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), Chapter 760 of the Florida Civil Rights Act ("FCRA"), and for violation of Florida's workers' compensation retaliation statute ("WCRS") at Section 440.205, Florida Statutes, to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, jand reasonable attorneys' fees and costs.

### **JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq.*

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA and WCRS claims, as they arise out of the same operative facts and circumstances as his ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Broward County, Florida, and this venue is therefore proper.

6. Defendant is a Florida Not For Profit Corporation that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant.

8. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

9. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees, and is a covered employer as defined by the WCRS.

## CONDITIONS PRECEDENT

10. On or around January 28, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11. More than 180 days have passed since the filing of the Charge of Discrimination.

12. On or around September 11, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant as an Overnight Security Officer from March 1, 2023, until his termination on July 9, 2024.

16. During his tenure, Plaintiff was an excellent employee, and had no significant history of non-medical attendance, disciplinary, or performance issues.

17. On June 14, 2024, at 1:30 AM, on a rainy night, Plaintiff was working his duties at Defendant as normal.

18. Plaintiff went to the lower garage as part of his duties to secure the property.

19. While exiting the lobby, Plaintiff walked over smooth, wet cement and fell.

20. Plaintiff contacted his co-worker, Thomas Akinduro ("Mr. Akinduro"), to notify Mr. Akinduro that Plaintiff fell, was injured and needed a wheelchair.

21. Unfortunately, after twenty (20) minutes of searching, Mr. Akinduro was unable to locate a wheelchair, as the wheelchairs had all been removed.

22. Instead, Mr. Akinduro utilized a luggage cart to assist in moving Plaintiff to a room where he placed an ice pack on his leg.

23. The next day, on June 15, 2024, Plaintiff requested the reasonable accommodation of a day off from work due to the injury.

24. On June 16, 2024, Plaintiff took another day off.

25. On June 17, 2024, with Plaintiff still unable to walk, Plaintiff went to the emergency room, where Plaintiff was diagnosed with a chipped ankle, three torn tendons and a small broken bone.

26. The emergency room doctor gave Plaintiff a note excusing him from work for the next three (3) days followed by desk duty.

27. Based on this diagnosis, Plaintiff made a request to be placed on desk duty when he returns to work.

28. On June 18, 2024, Plaintiff went to see Michael Mashura, the orthopedic doctor referred to Plaintiff by the emergency room.

29. By this time, Plaintiff discovered that his supervisor, property manager Joanne Florian, had failed to report Plaintiff's injury.

30. On June 20, 2024, Plaintiff's worker's compensation claim was approved, however, Plaintiff was required to select a doctor from Defendant's "list," which Plaintiff did, though Plaintiff was shortly reassigned to a new doctor, Paul Meli.

31. On July 9, 2024, while Plaintiff was on desk duty at work, Security Supervisor Ashley Burgess ("Ms. Burgess") called Plaintiff to ask if he "was able to walk".

32. Plaintiff objected to this discrimination, and reiterated his doctor's recommendations to perform light desk duty and keep his leg elevated during the recovery process.

33. Ms. Burgess informed Plaintiff that because Plaintiff "couldn't walk," his employment was being terminated, effective immediately.

34. It is clear that Plaintiff's disability and request for accommodation/leave were seen as problematic to Defendant's managers.

35. It is clear that Plaintiff was terminated due to his attempted use of worker's compensation benefits.

36. Any other reason theorized by Defendant is mere pretext.

37. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job.

38. Allowing Plaintiff to perform desk duty until he was able to return to health would have been reasonable accommodation.

39. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and his need for accommodation under the ADA/FCRA.

40. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

41. The timing of Plaintiff's termination makes the causal connection between his disability disclosure/request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

42. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

43. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

44. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.

45. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

46. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

47. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA and WCRS were intended to prevent.

48. Defendant did not have a good faith basis for its actions.

49. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

50. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

51. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

52. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA**
**FAILURE TO ACCOMMODATE DISCRIMINATION**

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 7, 9 through 27, 31, 33 through 39, 42 through 46, and 48 through 52, above.

54. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

55. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

56. Defendant was aware that the ADA requires Defendant to engage in the interactive process with its employee to determine if reasonable accommodations can be made for Plaintiff to perform the essential functions of his job.

57. Defendant failed to engage in this interactive process, and failed to accommodate Plaintiff.

58. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

60. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT II
### DISABILITY DISCRIMINATION UNDER THE FCRA
### FAILURE TO ACCOMMODATE DISCRIMINATION

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 9 through 27, 31, 33 through 39, 42 through 46, and 48 through 52, above.

64. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 9 through 11, 13 through 38, 40 through 44, 46, and 48 through 50, above.

65. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

66. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

67. Defendant was aware that the ADA requires Defendant to engage in the interactive process with its employee to determine if reasonable accommodations can be made for Plaintiff to perform the essential functions of his job.

68. Defendant failed to engage in this interactive process, and failed to accommodate Plaintiff.

69. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

71. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

72. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

73. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 8 through 27, 31 through 36, 41, 43 through 45, and 47 through 52, above.

59. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

60. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

62. Plaintiff's protected activity, and his termination, are causally related.

63. Defendant's stated reasons for Plaintiff's termination are a pretext.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 8 through 27, 31 through 36, 41, 43 through 45, and 47 through 52, above.

69. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

70. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

71. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

72. Plaintiff's protected activity, and his termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V: VIOLATION OF WCRS

78. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9, 15 through 22, 24 through 26, 28 through 33, 35 through 36, and 47 through 52, above.

79. Defendant terminated Plaintiff from his employment in violation of the WCRS.

80. Plaintiff was retaliated and terminated in violation of the WCRS for pursuing his legal rights to workers' compensation benefits.

81. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, declaratory and injunctive relief and such other relief deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 9th day of December, 2025.

Respectfully Submitted,

*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*